836 N.E.2d 961 (2005)
In re the Matter of J.Q., A Child in Need of Services.
Julia Quinton, Appellant-Respondent,
v.
Indiana Department of Child Services, Appellee-Petitioner,
Child Advocates, Inc., Co-Appellee (Guardian Ad Litem).
No. 49A02-0504-JV-320.
Court of Appeals of Indiana.
November 7, 2005.
Rehearing Denied January 12, 2006.
*963 Steven J. Halbert, Indianapolis, for Appellant.
Kelly Rota-Autry, Indiana Department of Child Services, Indianapolis, for Appellee.

OPINION
RILEY, Judge.

STATEMENT OF THE CASE
Appellant-Respondent, Julia Quinton (Quinton), appeals the trial court's adjudication of her son, J.Q., as a Child in Need of Services (CHINS).
We reverse and remand, with instructions.

ISSUE
Quinton raises three issues on appeal, which we restate as follows:
(1) Whether the trial court followed the requirements of Indiana Code section 31-34-13-3 when it admitted child hearsay statements during a CHINS proceeding without holding a hearing on the matter prior thereto.
(2) Whether the evidence was sufficient to support the trial court's finding that J.Q. is a CHINS.

FACTS AND PROCEDURAL HISTORY
Quinton is the mother of J.Q., born December 6, 1994. On December 1, 2004, Child Protective Services (CPS) received a report alleging J.Q. had been abused. On that same date, CPS investigator, Cara Hardister (Hardister), interviewed J.Q. and Quinton regarding a bruised right eye apparent on J.Q. The next day, the Indiana Department of Child Services (DCS), formerly known as the Marion County Office of Family and Children, filed a petition alleging that J.Q. was a CHINS. On December 3, 2004, an initial hearing was held and the trial court placed J.Q. in the home of a relative. Quinton was granted supervised visits with J.Q.
On January 27, 2005, a fact-finding hearing was held, and on February 24, 2005, a disposition hearing was held where the trial court concluded that J.Q. was a CHINS. At that time, the trial court established a permanency plan, and ordered that J.Q. remain in the relative's home until Quinton completed the requirements of a Parental Participation Order. The order required Quinton to maintain suitable income and housing, participate in home-based counseling, complete a parenting assessment, and enroll in other counseling services. The record shows that Quinton had completed a portion of the order's requirements before the disposition hearing was held. Also, the trial court stated that Quinton could continue visitation with J.Q., and begin temporary in-home trial visits.
Quinton now appeals the trial court's finding that J.Q. is a CHINS. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. Admission of J.Q.'s Statements

Quinton argues that the trial court improperly admitted certain statements by J.Q. at the CHINS proceeding because they were hearsay. Specifically, Quinton asserts that the trial court did not make the required findings under Indiana Code *964 section 31-34-13-3 to properly admit J.Q.'s statements, and thus failed to comport with due process.[1] Indiana Code § 31-34-13-3 allows an otherwise inadmissible statement made by a child under fourteen (14) years of age to be admitted:
in an action to determine whether a child is a CHINS if, after notice to the parties of a hearing and of their right to be present, the court finds that:
(1) [] the time, content, and circumstances of the statement or videotape and any other evidence provide sufficient indications of reliability; and
(2) the child:
(A) testifies at the proceeding to determine whether the child or a whole or half blood sibling of the child is a [CHINS]
(B) was available for face-to-face cross-examination when the statement or videotape was made; or
(C) is found by the court to be unavailable as a witness because:
(i) a psychiatrist, physician, or psychologist has certified that the child's participation in the proceeding creates a substantial likelihood of emotional or mental harm to the child
(ii) a physician has certified that the child cannot participate in the proceeding for medical reasons; or
(iii) the court has determined that the child is incapable of understanding the nature and obligation of an oath.
Here, pursuant to I.C. § 31-34-13-3(2)(C)(i), the trial court admitted a written statement by a psychologist, Marla Smith Ph.D., HSPP (Smith), that J.Q., nine years old at the time, would likely suffer emotional harm if he testified at the CHINS proceeding.[2] Subsequently, the trial court permitted Hardister to testify as to what J.Q. said to her about his eye injury when she initially interviewed him for CPS's investigation.[3]
Particularly, Quinton contends that it was error for the trial court to make its determination regarding the admission of J.Q.'s statements in the CHINS action during the CHINS proceeding itself, and without any record of findings related thereto. We agree. First, we note that "[a] question of statutory interpretation is a matter of law to be determined by this court. We are not bound by a trial court's legal interpretation of a statute and need not give it deference. We independently determine the statute's meaning and apply it to the facts before *965 us." Indiana Ins. Guar. Ass'n v. Blickensderfer, 778 N.E.2d 439, 441 (Ind.Ct. App.2002) (quoting Perry-Worth Concerned Citizens v. Board of Comm'rs of Boone Co., 723 N.E.2d 457, 459 (Ind.Ct. App.2000), trans. denied).
Here, Indiana Code § 31-34-13-3 states, in pertinent part, that a statement made by a child that would otherwise be inadmissible is admissible in a CHINS proceeding only "after notice to the parties of a hearing." Typically, we apply the express language of the statute in its construction. Indiana Ins. Guar. Ass'n, 778 N.E.2d at 442. However, in the instant case, we find the legislature's choice of words to be ambiguous in that it is not clear whether a hearing separate from the CHINS proceeding is required to determine whether a particular out-of-court statement by a child is admissible. Thus, where the language of a statute is susceptible to more than one reasonable construction, we must construe it to give the effect of the legislature's intent. Id. Additionally, we must examine the statute as a whole, with the presumption that the legislature intended the language used in the statute be applied logically and not to bring about an unjust or absurd result. Id.
Here, we find that one of the purposes of the Indiana Juvenile Code is "to provide a judicial procedure that insures fair hearings and recognizes and enforces the constitutional and other legal rights of children and their parents." Roark v. Roark, 551 N.E.2d 865, 868 (Ind.Ct.App.1990).[4] The potentially devastating consequences of a CHINS determination lead this court to conclude that a logical and fair reading of I.C. § 31-34-13-3 requires some separation of the child hearsay determination and the CHINS determination in order to give effect to the statute's notice and hearing requirements. See id. We find no such separation in the case before us. Rather, the record shows that Quinton was not given adequate notice or an adequate opportunity to be heard regarding the admission of J.Q.'s statements. Therefore, we find it was error for the trial court to merge its decisions of whether J.Q.'s statements were admissible hearsay, and whether J.Q. was a CHINS, into one fact-finding hearing.
Further, we cannot find any evidence in the record that the trial court made a finding that the time, content, and circumstances of J.Q.'s statements provided any indication of reliability. Such a finding is required by I.C. § 31-34-13-3(1), and is imperative in a case like Quinton's where, if admitted, the child's out-of-court statements will weigh heavily in the court's determination of whether a child is a CHINS. In her testimony, Hardister stated that J.Q. told her that he injured his eye when he jumped out of a tall dining room chair and the chair fell on top of him. Additionally, Hardister testified that J.Q. told her that he screamed when the chair fell on him, and that his mother and her boyfriend immediately ran out of the bedroom and into the dining area, and lifted the chair off of him. However, Quinton testified that J.Q. came to her complaining that his eye hurt some time after the injury occurred. The record indicates that DCS used the inconsistencies in Hardister's and Quinton's testimonies as pivotal pieces of their claim that J.Q. was a CHINS. Thus, we find it imperative that the trial court follow the guidelines of I.C. § 31-34-13-3, and make findings that the out-of-court statements of a child indicate sufficient reliability.
*966 Moreover, Quinton was not given notice of Smith's recommendation that J.Q. not testify until the date of the CHINS proceeding. We find that such notice was inadequate, and prevented Quinton from presenting her own evidence that J.Q. was competent to testify. Indiana Code § 31-32-2-3 states that in a CHINS proceeding, a parent is entitled to cross-examine witnesses, obtain witnesses or tangible evidence by compulsory process, and introduce evidence on their behalf. We do not find that Quinton was given this opportunity.
For all these reasons, we conclude that the trial court did not properly admit J.Q.'s statements under I.C. § 31-34-13-3. Thus, the statements were inadmissible and cannot be considered in addressing the question of whether there was sufficient evidence to support the CHINS finding.

II. CHINS Determination

Next, Quinton essentially argues that, absent the inadmissible hearsay statements of J.Q., the evidence presented at the fact-finding hearing was insufficient to support the CHINS finding. When this court reviews a case where a trial court has entered findings of fact and conclusions of law, we will not set aside the judgment of the trial court unless it is clearly erroneous. Roark, 551 N.E.2d at 869. A trial court's findings of fact, conclusions of law and judgment are considered to be clearly erroneous only if a review of the whole record leads us to a definite and firm conviction that a mistake has been made. Id. In reviewing findings of fact made by the trial court, we neither reweigh the evidence nor judge the credibility of witnesses. Id. Instead, we consider only the evidence and reasonable inferences drawn therefrom which support the judgment. Id.
Indiana Code § 31-34-1-1 provides that a child is in need of services if the child is under eighteen years old and:
(1) the child's physical or mental condition is seriously impaired or seriously endangered as a result of the inability, refusal, or neglect of the child's parent... to supply the child with necessary food, clothing, shelter, medical care, education, or supervision; and
(2) the child needs care, treatment, or rehabilitation that the child:
(A) is not receiving; and
(B) is unlikely to be provided or accepted without the coercive intervention of the court.
Our review of the trial court's findings of fact in Quinton's case is made difficult by the court's vague language. In its disposition hearing report, the trial court merely states:
* * *
The Court finds that reasonable efforts have been offered and available to prevent or eliminate the need for removal from the home ... the Court also finds that the services offered and available have either not been effective or been completed that would allow the return home of the child without Court intervention.
The Court finds that it is contrary to the health and welfare of the child to be returned home and that reasonable efforts have been made to finalize a permanency plan for the child.
The limited findings of the trial court, on record at least, make it difficult for this court to determine whether or not a mistake has been made in adjudicating J.Q. as a CHINS. Our review of the record in its entirety yields evidence that could support either outcome, but we are in no position to reweigh such evidence. See Roark, 551 N.E.2d at 869. However, we are also not in the position to read the trial court's mind in regard to its findings of fact. Indiana Code § 31-34-19-10(5) requires that the trial court give reasons for its *967 disposition in a CHINS proceeding. Specifically, we are concerned that procedural irregularities, like an absence of clear findings of fact, in a CHINS proceeding may be of such import that they deprive a parent of procedural due process with respect to a potential subsequent termination of parental rights. See A.P. v. Porter County Office of Family and Children, 734 N.E.2d 1107, 1112-13 (Ind.Ct. App.2000), reh'g denied, trans. denied. Our legislature's enactment of an interlocking statutory scheme governing CHINS and involuntary termination of parental rights compels this court to make sure that each procedure is conducted in accordance with the law. See id. Both statutes aim to protect the rights of parents in the upbringing of their children, as well as give effect to the State's legitimate interest in protecting children from harm. Id. We conclude that in order to properly balance these two interests, the trial court needs to carefully follow the language and logic laid out by our legislature in these separate statutes.
In light of the trial court's failure to adequately state reasons for its disposition, along with its procedural error in admitting J.Q.'s statements, we choose to remand the CHINS determination with instructions that the trial court more specifically follow the requirements of I.C. § 31-34-13-3 and I.C. § 31-34-19-10.

CONCLUSION
Based on the foregoing, we find that the trial court did not properly adjudicate J.Q. as a CHINS.
Reversed and remanded, with instructions.
BAKER, J., and MATHIAS, J., concur.
NOTES
[1] Although Quinton also argues that the trial court did not comport with the requirements of I.C. § 35-37-4-6, the protected persons statute, we find that only I.C. § 31-34-13-3 is applicable here. The protected persons statute applies to criminal proceedings where the introduction of statements by child victims is at issue. A CHINS proceeding is civil in nature, and thus the protected persons statute is not applicable in Quinton's case.
[2] Although DCS sought to admit Smith's statement under the business records exception to the hearsay rule, our review of the record shows that the trial court likely admitted the statement under I.C. XX-XX-XX-X(2)(C)(i). Consequently, we find it unnecessary to address Quinton's challenge to the admission of Smith's statement under the business records exception.
[3] Over Quinton's objection, the trial court permitted Hardister to testify as to J.Q.'s statements, citing "the protected persons statute" as its basis for admitting the statements. (Transcript p. 27.) Again, we note that the protected persons statute does not apply in this case, and that our review of the records leads us to conclude that the trial court was attempting to follow the procedure laid out in I.C. § 31-34-13-3 for admitting child hearsay in CHINS proceedings.
[4] We note that I.C. § 31-34-13-3 was previously I.C. § 31-6-15-3.