THOMPSON v. STATE OF INDIANA.

[No. 23,624.   Filed March 31, 1921.]

1.   SEARCHES AND SEIZURES.—*Search Warrant.—Issuance Under Prohibition Act.—Necessity of Supporting Affidavit.—"Filing". —Statutes.*—Section 8340 Burns 1914, Acts 1907 p. 27, §4, providing that no warrant for search shall be issued until an affidavit has been filed with the justice, is not in conflict with, nor repealed by §25 of the Prohibition Act (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918), providing that "if any person shall make an affidavit" before the judge, a similar warrant shall issue, and when such sections are construed together they are not in conflict with Art. 1, §11, of the Constitution of Indiana, guaranteeing against unreasonable searches and seizures, and as construed together they forbid the issuing of a search warrant without an affidavit being filed as provided by §8340, *supra;* and merely exhibiting an affidavit to the judge, or executing it before him, is not a "filing" of the affidavit, filing consisting of the delivery of the paper to the proper officer for the purpose of being kept on file by him in the proper place.   p. 367.

2.   INTOXICATING LIQUORS.—*Search Warrant.—Validity.—Filing of Supporting Affidavit.—Statutes.—Constitutional Provisions.* —Where an affidavit for a search warrant under the Prohibition Act (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918), was sworn to before the judge of the superior court and a search warrant was issued and served on the same day, but the affidavit was not actually filed until a later date, the warrant was not supported by oath or affirmation, as required by Constitution, Art. 1, §11, guaranteeing against unreasonable searches and seizures, and was illegal.   p. 368.

From Vanderburgh Superior Court; *Louis O. Rasch,* Special Judge.

Proceeding in the nature of a libel by the State of Indiana against Charles Thompson to condemn and destroy certain intoxicating liquors, etc. From the judgment rendered, the defendant appeals. *Reversed.*

*Isidor Kahn* and *W. D. Hardy,* for appellant.

*Ele Stansbury,* Attorney-General, and *Remster A. Bingham,* for the state.

WILLOUGHBY, C. J.—This was a proceeding in the nature of a libel to condemn and destroy certain intoxicating liquors and vessels of the appellant, seized under what purports to be a warrant of search, and which liquor the state contends was being kept for unlawful purposes.

Appellee caused what purports to be a warrant of search to be issued by the judge *pro tem* of the superior court of Vanderburgh county, on August 24, 1918. On the same date, by virtue of this writ, the sheriff seized certain intoxicating liquors, and on September 9, 1918, appellee filed in open court the affidavit of one Herman Horne, upon which affidavit said writ had theretofore been issued, and the court then ordered a hearing to determine the purpose for which said liquor was kept, and directed the sheriff to give notice of such hearing.

The appellant appeared specially by counsel for that purpose and filed a verified motion to set aside the service and to quash the process, to wit, the search warrant by virtue of which the intoxicating liquor was seized. This motion was overruled and the defendant excepted, and an answer of general denial was filed.

The cause was tried by the court without a jury upon the general denial; and a request for a special finding of facts was made by the appellant. The court made a

written finding of facts and conclusions of law and filed the same on June 18, 1919.

The appellant reserved exceptions to the conclusions of law as stated by the court, and thereupon filed his motion for a new trial. This motion was overruled on June 25, 1919, to which ruling the appellant excepted. The court then rendered judgment upon the special finding of facts and conclusions of law, ordering the destruction forthwith by the sheriff of the property therein described and adjudging costs against the appellant, Thompson.

From such judgment the appellant appealed and assigned as error: (1) The overruling of his motion to set aside the service and to quash the writ, to wit, the search warrant issued under date of August 24, 1918; (2) the overruling of his motion for new trial; (3) that the court erred in its conclusions of law upon the special finding of facts.

Appellant's motion for a new trial assigns the following causes: The decision of the court is not sustained by sufficient evidence; and the decision of the court is contrary to law.

The appellant on October 15, 1918, entered his special appearance by counsel for the sole purpose of filing a motion to set aside the service and to quash the process, and then filed said motion, which, omitting the caption, reads as follows: "The defendants herein, Charles Thompson, William Vogt and Charles Phelps, each separately and severally moves the court to set aside the service and quash the process towit: the search warrant herein issued under date of 24th day of August, 1918, for the following reasons," and then sets out the reasons for such motion. And one of the reasons so assigned was as follows: "At the time of the issue of said search warrant there was no affidavit upon file and

there had been no affidavit in this court, or before the judge thereof, upon which said warrant could be issued."

It is claimed by the appellant that the affidavit must be filed before the search warrant can be issued; that its making without filing is not sufficient to sustain a proceeding to condemn and destroy property, nor to authorize its seizure; and that, without an affidavit first having been filed, the proceedings are irregular, and will not justify the seizure of the property under the search warrant. And for these reasons it is claimed by appellant that his motion to set aside the service and quash the writ should have been sustained.

The attorney-general claims that the phrase "make an affidavit," as used in §25 of the Prohibition Act (Acts 1917 p. 15, §8356a et seq. Burns' Supp. 1918), does not mean "execute and file an affidavit," and says by way of argument: "In the original search and seizure act (§1923 et seq. Burns 1914, Acts 1905 p. 584, §56) the legislature saw fit to require the affidavit to be filed—likewise in the act of 1907—but in the present act, it has seen fit to only require the making of the affidavit before the judge. It does not contravene either the fourth amendment to the federal Constitution or the Bill of Rights. Very pointedly the legislature has shown its intention, and the words 'make an affidavit' cannot as used therein be construed to mean 'execute and file an affidavit.'"

The Constitution of the State of Indiana, Art. 1, §11, provides that: "The right of the people to be secure, in their persons, houses, papers, and effects, against unreasonable search or seizure shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or thing to be seized."

Section 8340 Burns 1914, Acts 1907 p. 27, §4, provides that: "No warrant for search shall be issued until there has been filed with the justice, judge or mayor an affidavit describing the house or place to be searched, the things to be searched for and alleging substantially the offense in relation thereto, and that affiant believes and has good cause to believe that such liquors are there kept for unlawful purposes."

This latter section is not in conflict with §25, supra, and is not repealed by it. These statutes, when construed together, are not in conflict with Art. 1, §11, supra. When construed together they forbid issuing a search warrant without an affidavit being filed as provided by §8340 Burns 1914, supra.

Merely exhibiting an affidavit to the judge, or executing it before him, is not a "filing" of the affidavit with the judge. Filing consists of the delivery of the paper to the proper officer for the purpose of being kept on file by him in the proper place. Hammond, etc., Electric R. Co. v. Antonia (1908), 41 Ind. App. 335, 83 N. E. 766; Cleveland, etc., R. Co. v. Morrey (1909), 172 Ind. 513, 88 N. E. 932.

In Hammond, etc., Electric R. Co. v. Antonia, supra, the court said: "The filing of a paper required by law to be filed does not consist in the indorsement of the fact that it has been filed, made upon the paper by the officer with whom it is filed. If the paper is delivered, by the person whose duty it is to file the same, to the proper officer, and by him received and kept on file in the proper place, this is a filing within the legal meaning of the word."

In Engleman v. State (1850), 2 Ind. 91, 52 Am. Dec. 494, it is held that a paper in a cause is filed when it is delivered to the clerk and received by him to be kept with the papers in the cause.

In the instant case the affidavit was sworn to before

the judge *pro tem* of the Vanderburgh Superior Court on August 24, 1918, but not filed, and on the

**2.** same day, August 24, 1918, the search warrant was issued and served, and afterward, on September 9, 1918, the affidavit was filed in the superior court of Vanderburgh county, together with the writ and the return thereon, and under these facts we hold that the warrant was not supported by "oath or affirmation" as required by the constitutional provision against unreasonable search and seizure, and was illegal. The court erred in overruling appellant's motion to quash.

In view of the conclusion reached, other matters discussed in appellant's brief need not be considered in this opinion.

Judgment reversed, with instructions to the Vanderburgh Superior Court to sustain appellant's motion to set aside the service and quash the writ.

Townsend, J., absent.