STATE of Indiana, Appellant–Plaintiff,

v.

Laura WILLIAMSON, Appellee–Defendant.

No. 87A05–0508–CR–475.

Court of Appeals of Indiana.

Aug. 21, 2006.

---

Stephen R. Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Earl E. Chandler, Evansville, IN, Attorney for Appellee.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Appellant State of Indiana appeals the trial court's grant of Appellee Laura Williamson's motion to suppress evidence.

We reverse and remand with instructions.

### ISSUE

The State raises one issue for our review, which we restate as: whether the trial court erred in granting Williamson's motion to suppress where an excise officer engaged Williamson in a discussion about her driving while waiting for a Warrick County Sheriff's Deputy to arrive.

### FACTS AND PROCEDURAL HISTORY

The facts of this case must be read with the limitations of Ind.Code § 9–30–2–2 in mind. This statute provides:

A law enforcement officer may not arrest or issue a traffic information and summons to a person for a violation of an Indiana law regulating the use and operation of a motor vehicle on an Indiana highway or an ordinance of a city or town regulating the use and operation of a motor vehicle on an Indiana highway unless at the time of the arrest the officer is:

(1) wearing a distinctive uniform and a badge of authority; or

(2) operating a motor vehicle that is clearly marked as a police vehicle; that will clearly show the officer or the officer's vehicle to casual observations to be an officer or a police vehicle. This section does not apply to an officer making an arrest when there is a uniformed officer present at the time of the arrest.

Officer Charles Butler, an excise officer with the Indiana Department of Alcohol and Tobacco, was driving his unmarked commissioned vehicle when he heard a dispatch concerning a suspected impaired driver. Realizing that he was close to the location of the vehicle driven by the purported impaired driver, Officer Butler began to look for the vehicle. After discovering the vehicle, Officer Butler observed that the vehicle's turn was "really wide" as it crossed into the turning lane. He observed as the vehicle twice crossed the centerline and as it traveled at a "really low rate of speed."

Officer Butler decided to continue following the vehicle, but because he was out of uniform and driving an unmarked vehicle, he made no attempt to make a stop. He contacted dispatch and informed them of the vehicle's location and then observed as the vehicle turned onto another street and pulled into a parking lot for a small apartment complex.

Officer Butler followed the vehicle into the parking lot and intentionally parked approximately twenty feet from where the vehicle had come to a stop. As he exited his vehicle, Officer Butler noticed that a woman, later identified as Williamson, had already exited her vehicle and was having trouble standing. He observed Williamson stumble at least twice, and he watched as she grabbed her vehicle for support.

Officer Butler approached Williamson and identified himself, verbally and by badge, as a law enforcement officer. Williamson responded, "I'm home! I'm on home base!" Officer Butler explained that he was there because he had learned of and observed Williamson's erratic driving. He also told her that he was assisting in the investigation. Officer Butler then began to converse with Williamson while waiting for a uniformed police officer to arrive. At one point, Williamson attempted to enter the apartment, but she was unable to find the correct key. Officer Butler testified at the suppression hearing that had she been able to locate her key,

he would have prevented Williamson from entering her apartment for his own safety. However, this intent was not communicated to Williamson.

Approximately five to ten minutes after Officer Butler approached Williamson, Sergeant Paul Weinzapfel of the Warrick County Sheriff's Department arrived. At the time of his arrival, Sergeant Weinzapfel observed Williamson sitting on the stoop in front of the apartment and Officer Butler standing by his vehicle.

Sergeant Weinzapfel conducted an investigation and determined that Williamson was intoxicated. Williamson was arrested and charged with operating a vehicle while intoxicated (endangering a person), a Class A misdemeanor, and operating a vehicle while intoxicated, a Class C misdemeanor.

Williamson filed a motion to suppress any evidence procured at the time of or after Officer Butler approached her in the apartment's parking lot. After a hearing on the motion, the trial court ordered the suppression of "[a]ll evidence obtained from the point at which Officer Butler 'explained to the Defendant that a report had been made to 911 concerning her driving and that I was assisting WCSD with this report.'" Appellant's App. at 41. The State now appeals from the trial court's order.

## DISCUSSION AND DECISION

■ On appeal from a grant of a motion to suppress, the State appeals from a negative judgment and must show that the trial court's ruling is contrary to law. *State v. Estep*, 753 N.E.2d 22, 24–25 (Ind. Ct.App.2001). We will reverse a negative judgment only when the evidence is without conflict and all reasonable inferences lead to a conclusion opposite that of the trial court. *Id.* at 25. We neither reweigh the evidence nor judge the credibility of the witnesses; rather, we consider only the evidence most favorable to the judgment. *Id.*

■ In *State v. Caplinger*, 616 N.E.2d 793, 794 (Ind.Ct.App.1993), we held that the issue in cases involving Ind.Code § 9–30–2–2 is not whether an officer is justified in "detaining" a defendant, but whether the "detention" constitutes an "arrest." An arrest occurs when police officers "interrupt the freedom of an accused and restrict the liberty of movement." *Id.* at 795. In *Caplinger*, the investigating officer, who was not in uniform or driving a marked car, observed Caplinger driving erratically, and he followed her until she pulled into her driveway. The officer pulled into the driveway behind Caplinger, reached into her car, turned off the ignition, and took Caplinger's keys. In affirming the trial court's grant of Caplinger's motion to suppress pursuant to Ind.Code § 9–30–2–2, we noted that the officer announced his status as a police officer and intended that Caplinger would not leave, and we emphasized that he took Caplinger's keys to keep her from leaving. *Id.* We concluded that because the officer interrupted Caplinger's freedom and restricted her liberty, he "effectively arrested her."

In the present case, Officer Butler identified himself as a law enforcement officer assisting the Warrick County Sheriff's Department and he had the undisclosed intent to keep Williamson from entering the apartment. Officer Butler did not, however, take Williamson's keys or exhibit any behavior that indicated he would interrupt Williamson's freedom or restrict her liberty of movement.

■ A citizen's knowledge that the person asking her questions is a police officer is not enough, by itself, to cause the citizen to believe that she is being detained or arrested. *See Overstreet v. State*, 724 N.E.2d 661 (Ind.Ct.App.2000), trans. de-

nied. Furthermore, a police officer's unarticulated intent is not sufficient to establish that an arrest or detention has occurred. *Wright v. State,* 766 N.E.2d 1223, 1230 (Ind.Ct.App.2002). An officer's intent is relevant only if conveyed through words or actions to the individual being questioned. *Id.* The test is how a reasonable person in the defendant's circumstances would understand the situation. *Id.*

■ Williamson places emphasis on a notation by Sergeant Weinzapfel in his narrative report. In describing what happened between Officer Butler and Williamson before his arrival, Sergeant Weinzapfel opines that Officer Butler "detained her until I arrived." Sergeant Weinzapfel's use of "detain" is based upon his knowledge that Officer Butler had followed Williamson to the apartment complex and that upon arrival at the apartment he observed Officer Butler standing by his car while Williamson was sitting on the stoop. Sergeant Weinzapfel saw no indication that Officer Butler had restricted Williamson's freedom of movement. In using the word "detain," Sergeant Weinzapfel was expressing a general observation, not a legal conclusion.

Williamson emphasizes her initial protestation that she had reached "home base" is an indication of her belief that her freedom of movement was being restricted. However, this protestation was prompted by Officer Butler's approach and identification of himself as a law enforcement officer, not by any verbal or actual attempt at impeding her movements. Under the circumstances, her protestation is an indication that she did not believe an arrest was or could be taking place.

The officers' testimonies provide the sole evidence in the present case. There can be no reasonable inference from either officer's testimony that Officer Butler violated Ind.Code § 9–30–2–2 by interrupting Williamson's freedom or restricting her movement.

### CONCLUSION

The trial court erred in granting the motion to suppress under the circumstances of this case. Accordingly, we reverse and remand with instructions that the trial court vacate its order.

Reversed and remanded.

FRIEDLANDER, J., and DARDEN, J., concur.