STATE of Indiana, Appellant–Plaintiff,

v.

Melissa RUCKER, Appellee–Defendant.

No. 15A01–0608–CR–337.

Court of Appeals of Indiana.

Feb. 28, 2007.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Jason J. Pattison, Jenner, Auxier & Jacobs, LLP, Madison, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, the State of Indiana (the State), appeals the trial court's granting of Appellee–Defendant's, Melissa Rucker (Rucker), Motion to Suppress. We affirm.

### ISSUE

The State raises one issue on appeal, which we restate as follows: Whether the trial court erred in granting Rucker's Motion to Suppress.

### FACTS AND PROCEDURAL HISTORY

On August 25, 2005, Indiana State Police troopers flew over Rucker's residence in a helicopter. They observed what they believed to be marijuana growing on the property. Sergeant Robert Ewing (Sergeant Ewing) prepared and signed a probable cause affidavit for a search warrant. He presented the affidavit to the Dearborn County Circuit Court judge. The search warrant was approved and the search was

executed that same day. Numerous drug-related items were found and seized at Rucker's residence. The warrant and supporting affidavit were not filed with the clerk of court until September 9, 2005.

On September 9, 2005, the State also filed an Information charging Rucker with Count I, possession of marijuana over thirty grams, a Class D felony, Ind.Code § 35–48–4–11(1)(I); Count II, possession of paraphernalia, a Class A misdemeanor, I.C. § 35–48–4–8.3(c); Count III, possession of marijuana, a Class D felony, I.C. § 35–48–4–11(2)(i); Count IV, maintaining a common nuisance, a Class D felony, I.C. § 35–48–4–13(b)(1) or (2); and Count V, possession of a schedule II controlled substance, a Class D felony, I.C. § 35–48–4–7(a). On February 9, 2006, Rucker filed a Motion to Suppress. On April 17, 2006, the trial court conducted a hearing on the Motion, and on April 24, 2006, granted the Motion based on the tardy filing of the affidavit. On June 21, 2006, the State dismissed its case.

The State now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

■ The State appeals the trial court's grant of Rucker's Motion to Suppress Evidence due to the fifteen day lapse between the approval of the search warrant and the filing of the affidavit and warrant with the clerk of the court. The State supports its contentions by claiming: 1) the failure of the officers to file the affidavit with the judge did not affect any important function of the warrant requirement, and 2) Rucker has neither shown nor argued any resulting prejudice from the failure to file a timely copy of the affidavit and warrant.

■ On appeal from a grant of a motion to suppress, the State appeals from a negative judgment and must show that the trial court's ruling is contrary to law.

*State v. Williamson,* 852 N.E.2d 962, 965 (Ind.Ct.App.2006). We will reverse a negative judgment only when the evidence is without conflict and all reasonable inferences lead to a conclusion opposite that of the trial court. *Id.* We neither reweigh the evidence nor judge the credibility of the witnesses; rather, we consider only the evidence most favorable to the judgment. *Id.*

I.C. § 35–33–5–2(a) states:

Except as provided in section 8 of this chapter, *no warrant for search or arrest shall be issued until there is filed with the judge an affidavit:*

(1) particularly describing:

(A) the house or place to be searched and the things to be searched for; or

(B) particularly describing the person to be arrested;

(2) alleging substantially the offense in relation thereto and that the affiant believes and has good cause to believe that:

(A) the things that are to be searched for are there concealed; or

(B) the person to be arrested committed the offense; and

(3) setting forth the fact then in knowledge of the affiant or information based on hearsay, constituting the probable cause.

(emphasis added). Thus, the statute explicitly requires filing the affidavit and warrant *before* the search is executed. In the instant case, the record reflects that the affidavit was presented and signed by the judge on August 25, 2005. However, the affidavit and warrant were not filed until September 9, 2005, fifteen days after the search.

Initially, our supreme court held in *Thompson v. State,* 190 Ind. 363, 130 N.E.

412, 413 (1921), that "merely exhibiting an affidavit to the judge, or executing it before him, is not a 'filing' of the affidavit with the judge." Recently, however, exceptions have been made. Both the State and Rucker cite to *Bowles v. State*, 820 N.E.2d 739 (Ind.Ct.App.2005), where the detective failed to file the affidavit and warrant before performing the search, then filed the documents the next day. This court found "under the circumstances of [that] case" that the detective "substantially complied" with I.C. § 35–33–5–2(a). *Id.* at 746. However, law enforcement officers were also warned to "abandon" the practice of late filing and "comply with the requirements of [I.C. § ] 35–33–5–2(a)," noting, "we [could] envision other circumstances that could arise which would lead to the opposite result." *Id.* We find the instant case to be such a situation.

Sergeant Ewing prepared and presented a probable cause affidavit to the trial judge on August 25, 2005. The judge issued a search warrant; yet, the affidavit and warrant were not filed until fifteen days after the search was conducted. I.C. § 35–33–5–2(a) plainly states, "*no warrant for search or arrest shall be issued until there is filed with the judge an affidavit.*" Thus, the State's contentions that the failure of the officers filing the affidavit with the judge did not affect any important function of the warrant requirement, and Rucker has neither shown nor argued any resulting prejudice from the failure to file a timely copy of the affidavit and warrant are irrelevant.

Furthermore, in *State v. Mason*, 829 N.E.2d 1010 (Ind.Ct.App.2005), the detective failed to file the affidavit for twenty-eight days after the issuance of the search warrant. There we stated, "the delay was unnecessary, especially given the clarity the General Assembly employed in the statutory requirement to provide a copy of the search warrant and probable cause affidavit to the judge at the time these documents are presented for approval and signing." *Id.* at 1021. Although the statements made in *Mason* were dicta, we will follow the pronouncement of that case and in doing so, the intent of the General Assembly. Thus, due to Sergeant Ewing's failure to file the affidavit and warrant before conducting the search, "the warrant was not supported by 'oath or affirmation,' as required by the constitutional provision against unreasonable search and seizure, and was illegal." *Id.* (quoting *Thompson*, 130 N.E. at 413).

## CONCLUSION

Based on the foregoing, we find the trial court did not err in granting Rucker's Motion to Suppress.

Affirmed.

SHARPNACK, J., and MAY, J., concur.