David **MOSEBY**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0611–CR–985.**

Court of Appeals of Indiana.

Aug. 23, 2007.

Bruce E. Andis, Indianapolis, IN, Attorney for Appellant.

quest we find the request for identification unreasonable on that ground.

Steve Carter, Attorney General of Indiana, Ann L. Goodwin, Special Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION—FOR PUBLICATION

MAY, Judge.

David Moseby brings an interlocutory appeal of the denial of his motion to suppress the evidence collected from his home pursuant to a search warrant. Moseby asserts the warrant was invalid because the affidavit was not filed with the Marion County Clerk until fifteen days after the warrant was issued. Because the officer left a copy of the affidavit with the issuing judge on the day the warrant was issued, he complied with Ind.Code § 35–33–5–2(a). Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 8, 2006, Officer Brad Thomas of the Indianapolis Metropolitan Police Department presented a proposed search warrant for Moseby's house and a supporting probable cause affidavit to Marion County Superior Court Judge Barbara Collins. Judge Collins placed Officer Thomas under oath, reviewed the materials, and signed the warrant. Judge Collins "told [Officer Thomas] to give [the affidavit] to one of the people in her office . . . to have them make a copy and keep a copy." (Tr. at 10.) Officer Thomas did as Judge Collins instructed.

On February 9, 2006, the police executed the search warrant and seized "cocaine, paraphernalia, [and] three guns." (State's Ex. 1 at 2.) On February 10, 2006, the State charged Moseby with Class A felony dealing in cocaine,[1] two counts of Class B

felony possession of cocaine,[2] and Class B felony unlawful possession of a firearm by a serious violent felon.[3] On February 22, 2006, Officer Thomas filed the search warrant and search warrant affidavit with the Marion County Clerk. Moseby filed a motion to suppress all the evidence collected, which the trial court denied. The court certified its decision for interlocutory appeal, and we accepted jurisdiction.

## DISCUSSION AND DECISION

The statute at issue is Ind.Code § 35–33–5–2(a), which provides:

> Except as provided in section 8 of this chapter, no warrant for search or arrest shall be issued until there is filed with the judge an affidavit:
>
> (1) particularly describing:
>
>   (A) the house or place to be searched and the things to be searched for; or
>
>   (B) particularly describing the person to be arrested;
>
> (2) alleging substantially the offense in relation thereto and that the affiant believes and has good cause to believe that:
>
>   (A) the things as are to be searched for are there concealed; or
>
>   (B) the persons to be arrested committed the offense; and
>
> (3) setting forth the facts then in knowledge of the affiant or information based on hearsay, constituting the probable cause.

Specifically, we must determine what it means for an affidavit to be "filed with the judge." *Id.* We review the interpretation of a statute *de novo. Lake County Auditor v. Burks,* 802 N.E.2d 896, 898 (Ind. 2004) ("This argument is based solely on

---

1. Ind.Code § 35–48–4–1.

2. Ind.Code § 35–48–4–6.

3. Ind.Code § 35–47–4–5.

the Auditor's interpretation of the statute and therefore presents a question of law which we review *de novo*.").

Nearly a century ago, our Indiana Supreme Court explained: "Merely exhibiting an affidavit to the judge, or executing it before him, is not a 'filing' of the affidavit with the judge." *Thompson v. State,* 190 Ind. 363, 130 N.E. 412, 413 (1921). Rather, filing requires delivering the paper "to the proper officer for the purpose of being kept on file by him in the proper place." *Id.*

Officer Thomas left a copy of the affidavit with Judge Collins' staff on the day the warrant was issued by Judge Collins. However, he did not file a copy of the affidavit with the Clerk of the Court until fourteen days later. If the requirement to "file with the judge" was not satisfied by leaving the affidavit with the Judge's staff, then we must reverse because the affidavit was untimely filed. *See Thompson,* 190 Ind. at 368, 130 N.E. at 413 (delay of two weeks in filing affidavit makes warrant invalid); *State v. Rucker,* 861 N.E.2d 1240, 1242 (Ind.Ct.App.2007) (where affidavit for search warrant not filed with Clerk of Court until fifteen days after execution of the warrant, filing requirement of Ind. Code § 35–33–5–2(a) was not met, and charges had to be dismissed because search warrant was invalid), *trans. denied.* However, if Officer Thomas satisfied Ind. Code § 35–33–5–2(a) when he left a copy of the affidavit with Judge Collins' staff, then we must affirm the denial of Moseby's motion to suppress.

Where city courts are concerned, our Indiana Supreme Court has held the judge was the proper person with whom to file the affidavit:

> Appellant's final attack on the search warrant consists of the claim that the affidavit was not 'filed.' The statute requires that: 'No warrant for search ... shall be issued until there is filed with the ... judge of any city court ... an affidavit, ... .' IC 1971, 35—1—6—2 (Burns Ind. Stat. Ann.s 9–602 (1974 Supp.)). Appellant rests his argument on the testimony of his trial attorney that on August 3, 1973, said attorney looked for and did not find the affidavit in the records of the Michigan City City Court. However, State's Exhibit One contained a certificate of the clerk of that court to the effect that the affidavit was a part of the records. Furthermore, the statute requires that an affidavit be filed 'with the judge' and the warrant itself recites that an affidavit was filed with the issuing judge. 'Filing consists of the delivery of the paper to the proper officer for the purpose of being kept on file by him in the proper place.' *Thompson v. State* (1921), 190 Ind. 363, 130 N.E. 412. The paper (affidavit) was delivered to the proper officer (city judge).

*Wilson v. State,* 263 Ind. 469, 479–80, 333 N.E.2d 755, 761 (1975).

Moseby offers no reason to distinguish the City Court in *Wilson* from the Superior Court herein, and we do not see any. Both statutes require filing the affidavit "with the judge," and we have found no decisions holding improper the filing of the affidavit with the judge, rather than the clerk. *See, e.g., State v. Mason,* 829 N.E.2d 1010, 1014 (Ind.Ct.App.2005) (Officer "neither left a copy of the warrant and supporting affidavit with the Commissioner nor filed the documents with the Marion County Clerk's Office."); *Rucker,* 861 N.E.2d 1240 (opinion silent regarding whether warrant and affidavit left with the judge upon issuance).

Neither are we convinced Moseby was prejudiced by Officer Thomas' failure to file the probable cause affidavit for the search warrant with the Clerk of the Court

until two weeks after the search. Moseby claims this failure "prevented him from attacking the probable cause for the arrest and the issuance of the warrant at the initial hearing." (App. at 44.) However, when police executed the search warrant, they provided a copy to Moseby. That warrant informed Moseby: "A copy of this search warrant and affidavit has been left with an officer of this court." (*Id.* at 46.) The warrant also contained Judge Collins' legible signature and her indication she is the judge in "Marion County Superior Court Room No. # [sic] 8." (*Id.*) Accordingly, if Moseby desired a copy of the affidavit prior to the initial hearing, he could have obtained one from Judge Collins' staff. *Cf. Mason,* 829 N.E.2d at 1014 (Marion County Clerk did not have copies, and Indianapolis Police Department declined Mason's request for copies.).

The facts herein satisfy Ind.Code § 35–33–5–2(a)'s requirement the affidavit be "filed with the judge." Accordingly, we affirm the denial of Moseby's motion to suppress.

Affirmed.

SHARPNACK, J., and BAILEY, J., concur.