Bryan **JOHNSON**, Appellant–
Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 45A05–1012–CR–816.

Court of Appeals of Indiana.

Aug. 2, 2011.

Benjamen W. Murphy, Law Office of Ben Murphy, Merrillville, IN, Randy Godshalk, Hammond, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Bryan Johnson (Johnson), appeals the trial court's denial of his motion to suppress.

We affirm.

### ISSUES

Johnson raises two issues on appeal, which we restate as follows:

(1) Whether the trial court abused its discretion when it denied his motion to suppress evidence gained from a search conducted with an invalid search warrant; and

(2) Whether the trial court abused its discretion in determining that the evidence obtained pursuant to the search warrant was admissible under the good faith exception to the exclusionary rule.

### FACTS AND PROCEDURAL HISTORY

On May 1, 2009, Johnson took his computer to Computer Bay in Schererville, Indiana, to have it fixed because it was running slowly. Matthew Rusch (Rusch), an employee of Computer Bay, worked on the computer and discovered a folder titled "Had sex with a 12 year old_file." (Tr. p. 10; Defendant's Exh. B). Rusch did not know what to do, so he left the folder unopened and told his co-workers about it. Based on their recommendations, he reported the folder to the Schererville Police Department.

Police Officer Kevin Wagner (Officer Wagner) came to Computer Bay to examine the computer. While there, Officer Wagner opened one of five or six folders within the folder "Had sex with a 12 year old_file" but did not find any evidence of child pornography. Officer Wagner then contacted his supervisor for further instructions, and his supervisor told him to take the hard drive to the police station to be held as evidence. Officer Wagner also telephoned Johnson and advised him that a detective would be contacting him as part of a further investigation. Johnson responded that there was no child pornography on his computer and that he had just dropped off his computer to be fixed.

Subsequently, Detective Patrick Rosado (Detective Rosado) took over the investigation. Detective Rosado filled out a search warrant form and search warrant affidavit form and submitted them to the Schererville Town Court on May 19, 2009 to be signed by Judge Kenneth Anderson (Judge Anderson). After Detective Rosado received the search warrant and affidavit back from Judge Anderson, he picked up the computer tower, which was still at Computer Bay. Detective Alva Whited (Detective Whited), a forensic examiner with the Indiana State Police, searched the computer and found images of child pornography in the previously unexamined folders within the folder "Had sex with 12 year old_file." In total, Detective Whited found 173 folders, each containing approximately one thousand photos. Many of the photos were animated, cartoon, or digital, but there were at least two live photos involving young children and adults engaging in sexual acts.

On July 14, 2009, the State filed an Information charging Johnson with possession of child pornography, a Class D felony, Ind.Code § 35–42–2–1. On June 11, 2010, Johnson filed a motion to suppress evidence because, among other reasons, he claimed that the State had failed to comply with the statutory requirements to obtain a warrant, and the warrant had failed to establish probable cause. On September 28, 2010, the trial court denied Johnson's motion to suppress. Then, on October 22, 2010, Johnson filed a motion to certify the trial court's denial of his motion to suppress for an interlocutory appeal and a motion to stay the proceedings. On October 25, 2010, the trial court certified its order denying Johnson's motion to suppress for interlocutory appeal. Johnson filed a timely petition with this court to accept an interlocutory appeal, which we granted on January 14, 2011.

Johnson now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

On appeal, we review a trial court's denial of a motion to suppress for an abuse of discretion. *Rice v. State*, 916 N.E.2d 296, 300 (Ind.Ct.App.2009), *trans. denied.* A trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before it. *Id.* In conducting our review, we do not reweigh the evidence, and we consider conflicting evidence in the light most favorable to the trial court. *Harper v. State*, 922 N.E.2d 75, 78 (Ind.Ct.App.2010). However, we must also consider the uncontested evidence favorable to the defendant. *Id.* at 78–9.

### II. *Filing of the Affidavit*

■ Johnson's primary contention on appeal is that the trial court should have suppressed the evidence of the images that the police department found on his computer because Detective Rosado did not properly file the affidavit that was the basis for the police department's search

warrant. When Detective Rosado submitted his affidavit and search warrant to the Schererville Town Court on May 19, 2009 to be signed, he did not see Judge Anderson. Instead, Detective Rosado submitted the forms to one of Judge Anderson's office employees and received them back shortly thereafter. Detective Rosado was not familiar with the policies of the Schererville Town Court and assumed that the court employee had taken care of everything necessary to properly file a search warrant. However, when Detective Rosado received the forms back, neither form had a file mark, and the Schererville Court later could not find either form in its records.

Article I, Section 11 of the Indiana Constitution provides that:

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

Our supreme court has held that Article I, Section 11 "must be liberally construed to protect Hoosiers from unreasonable police activity in private areas of their lives." *State v. Gerschoffer*, 763 N.E.2d 960, 965 (Ind.2002) (citing *Brown v. State*, 653 N.E.2d 77, 79 (Ind.1995)). Accordingly, the General Assembly enacted Indiana Code section 35–33–5–2(a), which states that:

> Except as provided in section 8 of this chapter, no warrant for search or arrest *shall be issued until there is filed with the judge an affidavit:*
>
> (1) particularly describing:
>
>   (A) the house or place to be searched and the things to be searched for; or

>   (B) particularly describing the person to be arrested;
>
> (2) alleging substantially the offense in relation thereto and that the affiant believes and has good cause to believe that:
>
>   (A) the things to be searched for are there concealed; or
>
>   (B) the person to be arrested committed the offense; and
>
> (3) setting forth the facts then in knowledge of the affiant or information based on hearsay, constituting the probable cause.

(emphasis added). In *Callender*, the Indiana Supreme Court held that if property is secured by a search and seizure under the pretext of a search warrant, and the warrant is held invalid for any reason, then the property seized may not be used as evidence against a defendant. *Callender v. State*, 193 Ind. 91, 138 N.E. 817, 818 (1923).

This court and the Indiana Supreme Court have interpreted I.C. § 35–33–5–2(a) in a long line of cases. Starting with *Thompson v. State*, 190 Ind. 363, 130 N.E. 412, 413 (1921), the supreme court held that "[m]erely exhibiting an affidavit to the judge, or executing it before him, is not a "filing" of the affidavit with the judge. Filing consists of the delivery of the paper to the proper officer for the purpose of being kept on file by him in the proper place." In *Wilson* and *Moseby*, we clarified that either a judge or a member of a judge's staff may qualify as the "proper officer" since I.C. § 35–33–5–2(a) specifies "with the judge." *Wilson v. State*, 263 Ind. 469, 333 N.E.2d 755, 761 (1975); *Moseby v. State*, 872 N.E.2d 189, 191 (Ind. Ct.App.2007), *trans. denied*.

Since *Thompson*, we have also identified extenuating factors that may indicate whether an affidavit has been "filed" or merely "exhibited." In *Wilson*, Wilson ar-

gued that a barrel of a 20–gauge shotgun and a box of 18 shotgun shells seized pursuant to a search of his residence were improperly admitted over his objections. *Wilson,* 333 N.E.2d at 759. Prior to trial, Wilson's attorney could not find the affidavit supporting the search warrant in the files of the Michigan City City Court. *Id.* at 761. On appeal, though, the supreme court held that even though the Michigan City City Court could not find the affidavit in its files, it was sufficient that the clerk of the court had a certificate to the effect that the affidavit was a part of its records. *Id.* The supreme court also found it significant that the warrant itself stated that an affidavit was filed with the issuing judge. *Id.*

Similarly, in *Jefferson,* we held that the language used in a search warrant is relevant. *Jefferson v. State,* 891 N.E.2d 77, 83 (Ind.Ct.App.2008). In *Jefferson,* the officer filed the probable cause affidavit with the trial court clerk fifteen days after the trial court judge signed the warrant. *Id.* On appeal, we examined the search warrant that the trial court judge had signed and determined that the affidavit had been properly filed with the judge before the judge signed the warrant because the warrant stated: "[Whereas], *an affidavit has been filed with me,* a copy of which is attached hereto and incorporated herein all respects;" there also was not any evidence that the affidavit had not been filed with the judge. *Id.*

Another relevant factor distinguishing whether an affidavit has been "filed" or "exhibited" is whether the law enforcement officer seeking to file the affidavit leaves with the only copy. In *Bowles* and *Mason,* we found it significant that the law enforcement officers who tried to file the respective affidavits left the court with the only copies of the affidavits, although that factor was not determinative in either case.

*Bowles v. State,* 820 N.E.2d 739, 745 (Ind. App.2005); *State v. Mason,* 829 N.E.2d 1010, 1020 (Ind.Ct.App.2005).

Finally, it is significant whether the filing of an affidavit is timely. As stated above, in *Bowles,* the law enforcement officer filed a probable cause affidavit one day after receiving a search warrant, but we held that he had substantially complied with I.C. § 35–33–5–2(a) because the late filing had not significantly affected the important functions of the warrant requirement—the "establishment of probable cause, the 'particularness' of descriptions, and the prior approval of a magistrate." *Bowles,* 820 N.E.2d at 746. In contrast, the law enforcement officer in *Rucker* presented his affidavit of probable cause affidavit and his search warrant to a Dearborn County Circuit Court judge for his signature, but did not file the affidavit and warrant with the clerk of the court until 15 days later. *State v. Rucker,* 861 N.E.2d 1240, 1241 (Ind.Ct.App.2007), *trans. denied.* We determined that a 15–day delay did not comply with I.C. § 35–33–5–2(a). *Id.* at 1242. We also stated in *dicta* in *Mason* that an affidavit that is filed 28 days late does not comply with the statute. *Mason,* 829 N.E.2d at 1021.

In comparison to this precedent, we conclude that Detective Rosado did not comply with I.C. § 35–33–5–2(a). As stated above, it is sufficient that he submitted the affidavit to Judge Anderson's employees rather than to Judge Anderson himself or the clerk of the court. *Jefferson,* 891 N.E.2d at 83. However, when Detective Rosado received the affidavit back from Judge Anderson's employees, the affidavit did not have a file mark to indicate that it had been filed rather than exhibited, and the court later could not find the affidavit in its records. Further, there was not a certificate to the effect that the affidavit was part of the record, as there was in

*Wilson,* and Detective Rosado left with the only copy of the affidavit, as we discouraged in *Bowles* and *Mason.* Finally, the warrant itself states that "[t]he [c]ourt, upon *examination* of the [affidavit], finds that there is a [p]robable [c]ause...." (Defendant's Exh. A) (emphasis added). In comparison to the language of the warrants in *Wilson* and *Jefferson,* this language does not indicate that Detective Rosado filed the affidavit. Instead, the word "examination" implies that he exhibited the affidavit. Finally, Detective Rosado did not attempt to belatedly file the affidavit; he did not file it at all. Based on these facts, we cannot find any evidence that Detective Rosado filed the affidavit, so we conclude that it was not properly filed.

### III. *Good Faith Exception*

Nevertheless, the State argues that even if the affidavit was not properly filed under I.C. § 35–33–5–2(a), the evidence obtained pursuant to the search warrant is still admissible under the "good faith exception" to the exclusionary rule. Generally, the exclusionary rule requires that a search conducted pursuant to an invalid search warrant results in the suppression of any items seized. *Hoop v. State,* 909 N.E.2d 463, 470 (Ind.Ct.App. 2009), *trans. denied.* However, there is an exception to this rule known as the "good faith exception," in which a search will be deemed valid if the State can show that the officer conducting the search relied in good faith upon a properly issued, but subsequently invalidated warrant. *Id.* The General Assembly codified the good faith exception in Indiana Code section 35–37–4–5, which states that:

> In a prosecution for a crime or a proceeding to enforce an ordinance or a statute defining an infraction, the court may not grant a motion to exclude evidence on the grounds that the search or

seizure by which the evidence was obtained was unlawful if the evidence was obtained by a law enforcement officer in good faith.

> (b) For purposes of this section, evidence is obtained by a law enforcement officer in good faith if:

>> (1) it is obtained pursuant to:

>> (A) a search warrant that was properly issued upon determination of probable cause by a neutral and detached magistrate, that is free from obvious defects other than nondeliberate errors made in its preparation, and that was reasonably believed by the law enforcement officer to be valid....

The good faith exception to the warrant requirement "was created in large part because of the practical reality that once a neutral and detached magistrate has issued a search warrant, there is literally nothing more the policeman can do in seeking to comply with the law...." *Rice,* 916 N.E.2d at 304. Officers are required to have a reasonable knowledge of what the law prohibits, but imposing on officers the obligation to second-guess a magistrate's decision in all but the most obvious instances of an affidavit lacking an indicia of probable cause "is not a burden the law anticipates." *Jackson v. State,* 908 N.E.2d 1140, 1144 (Ind.2009). Instead, suppression is appropriate where, upon facts known to the issuing magistrate or judge, a well-trained officer would have known that the search was illegal despite the magistrate's authorization. *Id.*

While evidence may be admitted under the good faith exception, there are exceptions to that rule, as well. We have previously held that the good faith exception does not apply where: (1) the warrant is based on false information knowingly or recklessly supplied; (2) the warrant is facially deficient; (3) the issuing magistrate

is not detached and neutral; or (4) the affidavit or sworn testimony upon which the probable cause rests is so lacking in indicia of probable cause as to render an official belief in the existence of the warrant unreasonable. *Hoop,* 909 N.E.2d at 470–71.

This fourth exception is based on the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution, which both require probable cause for the issuance of a search warrant. *Abbott v. State,* 950 N.E.2d 357, 360 (Ind.Ct.App.2011). Probable cause is a "fluid concept incapable of precise definition and must be decided based on the facts and circumstances of each case." *Id.* In deciding whether to issue a search warrant, the issuing magistrate's task is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, there is a fair probability that evidence of a crime will be found in a particular place. *Id.*

■ Here, Johnson claims that the affidavit was so lacking in indicia of probable cause as to render an official belief in the existence of the warrant unreasonable.[1] To support this argument, Johnson points to several cases that hold that even if probable cause exists initially, it may be extinguished after a preliminary investigation. He compares those cases to the instant case where Officer Wagner performed a preliminary search on Johnson's computer at Computer Bay but failed to find any evidence of child pornography.

In *Holly,* which Johnson advances to support his argument, a police officer ran a

license plate check on the vehicle driving in front of him. *Holly v. State,* 918 N.E.2d 323, 324 (Ind.2009). The check indicated that the vehicle was registered to a female whose driver's license was suspended. *Id.* The officer initiated a traffic stop of the vehicle to identify the driver, but when he approached the vehicle, he discovered that the driver was male. *Id.* Nevertheless, he asked the driver for his driver's license, which was also suspended. *Id.* The officer then conducted a search of the vehicle and discovered marijuana. *Id.*

On appeal, the Supreme Court of Indiana held that the police officer had initially had reasonable suspicion to stop the vehicle once he determined that the owner of the vehicle had a suspended license. *Id.* at 325. However, once the officer discovered the driver's gender and realized that the driver of the vehicle was not the owner, the officer no longer had reasonable suspicion to request identification from the driver or to search the car. *Id.* at 326. Therefore the evidence subsequently obtained was inadmissible at trial. *Id.*

*Holly* is distinguishable from the instant case because the police officer in *Holly* lost probable cause to search the vehicle when he realized that the driver could not be the owner of the vehicle. Here, Officer Wagner did not eliminate the possibility that the folder "Had sex with a 12 year old_file" could contain child pornography. He only conducted a limited preliminary search and opened one folder out of five or six folders inside of "Had sex with a 12 year old_file." Based on these facts, we conclude that there was still probable

---

1. Johnson also argues that Officer Wagner's initial search at Computer Bay violated his rights under the Fourth Amendment of the United States Constitution, but we will not address that argument here. The exclusionary rule requires that evidence obtained without a valid search warrant is inadmissible at trial, but Officer Wagner did not find any evidence of criminal activity during his preliminary search. As a result, his error of conducting the search without a search warrant was harmless.

cause, in light of the title of the folder, to determine that the significant majority of the folder that had not been searched could contain child pornography. Accordingly, we determine that this case does not fall under the exception to the good faith exception.

█ Instead, we conclude that Detective Rosado relied on the search warrant here in good faith. As required by Indiana Code section 35–37–4–5, he reasonably believed the warrant to be valid. First, as we concluded above, the warrant had sufficient probable cause. Second, there is evidence that he reasonably believed that he had properly filed the affidavit and warrant with Judge Anderson. He testified at trial that he took both forms to Judge Anderson's employees with the purpose of filing them, and he assumed that the employees had taken the steps necessary to follow the proper procedures. There was no reason for him to believe that they had not done so. In light of these facts, we conclude that the trial court did not abuse its discretion in determining that the evidence on Johnson's computer was admissible under the good faith exception to the exclusionary rule, or in denying Johnson's motion to suppress.

### CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion in denying Johnson's motion to suppress evidence because the evidence was obtained pursuant to a search warrant relied upon in good faith.

Affirmed.

DARDEN, J., concurs and BARNES, J., concurs in result.