Kathy R. HENSLEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 40A01–0204–CR–120.

Court of Appeals of Indiana.

Nov. 15, 2002.

Jason J. Pattison, Rogers & Dove, North Vernon, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Kathy Hensley appeals the denial of her motion to suppress evidence discovered following a search of her house performed pursuant to a search warrant. We reverse.

### Issues

Hensley raises several issues regarding the sufficiency of the search warrant; however, we only need to address two issues, which we restate as:

I. whether the affidavit contained enough information to establish probable cause to search the premises described therein; and

II. whether the police officer's reliance on the search warrant falls within the good faith exception to the exclusionary rule.

### Facts

On August 18, 2001, Officer Jeff Lucas approached Brad Lennon at the clubhouse of an apartment complex and smelled marijuana. Lennon informed Officer Lucas that he and a friend had visited Catherine Walters' house earlier that evening and that they had purchased methamphetamine from her. Officer Lucas immediately obtained a search warrant and searched Walters' house. During the search, Officer Lucas found several precursors for methamphetamine and "some cash bills." Tr. p. 7. Officer Lucas asked Walters, who was present during the search, why she had so much cash. Walters informed Officer Lucas that Hensley had purchased methamphetamine from her earlier that night.

Based on this information, Officer Lucas filled out the search warrant affidavit form and obtained a search warrant the following morning. The affidavit provided:

Jeff Lucas of the Jennings County Sheriff Department, swears that he/she believes and has probably cause to believe that certain property, hereinafter described, is or will be concealed in or upon the following described residence/premises/motor vehicle/person, to wit: light gray single wide mobile home and out buildings and two vehicles locat-

ed at 5680 N 75 W North Vernon In Jennings County, Indiana.

The property consists of the following: meth marijuana any other drug related substances which constitutes unlawfully obtained property/contraband/property used or possessed with the intent to use in the concealment of an offense/evidence of an offense.

In support of your affiant's assertion of probable cause, the following facts are within your affiant's personal knowledge, to-wit: Kathy Walters implicated herself in dealing meth with Kathy Hensley on 8–18–01 and selling over 600.00 worth on 8–18–01

Therefore, you affiant respectfully requests the Court to issue a search warrant directing the search for and seizure of the above-described property.

I swear and affirm, under the penalties of perjury as specified by IC 35–44–2–1, that the foregoing representations are true.

Dated: 8–19–01.

Appellant's App. p. 9. Although it did not specify, the home identified in the affidavit was Hensley's. During the search, Officer Lucas found methamphetamine in the pocket of Hensley's pants.

On August 21, 2001, the State filed an information charging Hensley with one count of possession of a schedule II controlled substance. On September 21, 2001, Hensley filed a motion to suppress, which the trial court denied. Hensley now appeals.

## Analysis

### I. Probable Cause

■ In deciding whether to issue a search warrant, the task of the issuing magistrate is to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Query v. State,* 745 N.E.2d 769, 771 (Ind.2001) (citing *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)). The reviewing court is required to determine whether the magistrate had a "substantial basis" for concluding that probable cause existed. *Id.* (quoting *Gates,* 462 U.S. at 238–39, 103 S.Ct. at 2332). A substantial basis requires the reviewing court, with significant deference to the magistrate's determination, to focus on whether reasonable inferences drawn from the totality of the evidence support the determination of probable cause. *Id.* "A 'reviewing court' for these purposes includes both the trial court ruling on a motion to suppress and an appellate court reviewing that decision." *Id.* In our review, we consider only the evidence presented to the issuing magistrate and may not consider post hoc justifications for the search. *Id.*

Although the parties devote much of their briefs to the credibility of Walters' statement to Officer Lucas, we need not address that issue. Instead, we address the dispositive issue of whether there is sufficient information in the affidavit to establish probable cause to search Hensley's house. Hensley argues that the trial court should have granted her motion to suppress because the affidavit does not connect the drugs purchased from Walters to the premises to be searched. We agree.

■ Indiana Code Section 35–33–5–2 governs affidavits used to obtain search warrants and provides in part:

(a) Except as provided in section 8 of this chapter, no warrant for search or arrest shall be issued until there is filed with the judge an affidavit:

(1) particularly describing:

(A) the house or place to be searched and the things to be searched for; or

(B) particularly describing the person to be arrested;

(2) alleging substantially the offense in relation thereto and that the affiant believes and has good cause to believe that:

(A) the things as are to be searched for are·there concealed; or

(B) the person to be arrested committed the offense; and

(3) setting forth the facts then in knowledge of the affiant or information based on hearsay, constituting the probable cause.

"An affidavit demonstrates probable cause to search premises if it provides a sufficient basis of fact to permit a reasonably prudent person to believe that a search of those premises will uncover evidence of a crime." *Utley v. State*, 589 N.E.2d 232, 236 (Ind.1992).

■ Although the affidavit contained a particular description of the place to be searched, the things to be searched for, and the boilerplate language that Officer Lucas had cause to believe that the items to be searched for would be concealed there, the affidavit did not sufficiently set forth facts then in his knowledge to constitute probable cause to search the house. *See* Ind.Code § 35–33–5–2. The affidavit only states that "Kathy Walters implicated herself in dealing meth with Kathy Hensley on 8–18–01 and selling over 600.00 worth on 8–18–01." Appellant's App. p. 9. In other words, the affidavit did not link Hensley's alleged purchase of methamphetamine with the premises described in the affidavit. The affidavit does not indicate that Hensley owned the premises described in the affidavit, that she lived there, or even that she had any connection with the described premises. Furthermore, the affidavit is completely devoid of any information describing why Officer Lucas had good cause to believe that the drugs would be found in the described premises. Without this information, nothing in the affidavit links Hensley's alleged purchase of methamphetamine to the premises described in the search warrant. The affidavit merely contains a description of a home and an allegation that Hensley had purchased methamphetamine the previous day.

Absent a connection between the described premises and Hensley's alleged dealing in methamphetamine, there is no basis for a reasonably prudent person to believe that a search of the premises would uncover evidence of a crime. If there is no basis for a reasonably prudent person to believe that a search would uncover evidence of a crime, there cannot be probable cause to support a search warrant. *See Utley*, 589 N.E.2d at 236.

### II. Good Faith Exception

■■ Our analysis does not end there, however, because the lack of probable cause does not automatically require the suppression of the evidence obtained during the search. The State argues that the trial court properly denied Hensley's motion to suppress because the evidence is admissible under the good faith exception to the exclusionary rule. The exclusionary rule provides that evidence obtained through an illegal search and seizure is inadmissible at trial. *Newby v. State*, 701 N.E.2d 593, 602 (Ind.Ct.App.1998). "[T]he exclusionary rule does not require the suppression of evidence obtained in reliance on a defective search warrant if the police relied on the warrant in objective good faith." *Id.* Indiana Code Section 35–37–

4–5 [1] codified the good faith exception.

 The exclusionary rule is designed to deter police misconduct, and in many cases there is no police illegality to deter. *U.S. v. Leon*, 468 U.S. 897, 920–21, 104 S.Ct. 3405, 3419, 82 L.Ed.2d 677 (1984). Although the magistrate or judge is responsible for determining whether an officer's allegations establish probable cause, an officer's reliance on the magistrate's probable-cause determination must be objectively reasonable. *Id.* at 921, 104 S.Ct. at 3419. The *Leon* Court emphasized that "[t]he objective standard we adopt, moreover, requires officers to have a reasonable knowledge of what the law prohibits." *Id.* at 919 n. 20, 104 S.Ct. at 3419 n. 20. In some circumstances an officer will have no reasonable grounds for believing that the warrant was properly issued. *Id.* at 921, 104 S.Ct. at 3419. "[D]epending on the circumstances of the particular case, a warrant may be so facially deficient ... that the executing officers cannot reasonably presume it to be valid." *Id.*

Here, Officer Lucas applied for and executed the search warrant. As such, the exclusionary rule would have a deterrent effect in ensuring that an affidavit contains sufficient information from which the magistrate or judge can determine whether probable cause exists.

 Moreover, in *Stabenow v. State*, 495 N.E.2d 197, 201–02 (Ind.Ct.App.1986), we discussed the good faith exception and observed:

> the principle that a logical connection must be shown between the items to be seized and the place to be searched so as to establish probable cause is a basic concept within the reasonable knowledge of a police officer. This is a core concept of criminal jurisprudence which is found in both case law and statute.

As discussed above, the affidavit is completely devoid of any information linking the drugs to the premises described in the affidavit. A logical connection between the drugs and the premises is a core concept of criminal jurisprudence. *See id.* That fact taken with the requirement that officers are to have reasonable knowledge of what the law prohibits, *Leon*, 468 U.S. at 919 n. 20, 104 S.Ct. at 3419 n. 20, leads us to conclude that, in this instance, no reasonable officer could have relied on this search warrant in good faith. Under the circumstances, the affidavit on which the search warrant is based is so facially lacking in indicia of probable cause that the good faith exception to the exclusionary rule does not apply. Thus, suppression of the evidence is required in this case.

Finally, we note that in many jurisdictions in our state police officers consult

---

1. Indiana Code § 35–37–4–5 provides in part:

 (a) In a prosecution for a crime or a proceeding to enforce an ordinance or a statute defining an infraction, the court may not grant a motion to exclude evidence on the grounds that the search or seizure by which the evidence was obtained was unlawful if the evidence was obtained by a law enforcement officer in good faith.

 (b) For purposes of this section, evidence is obtained by a law enforcement officer in good faith if:

 (1) it is obtained pursuant to:

 (A) a search warrant that was properly issued upon a determination of probable cause by a neutral and detached magistrate, that is free from obvious defects other than nondeliberate errors made in its preparation, and that was reasonably believed by the law enforcement officer to be valid; or

 (B) a state statute, judicial precedent, or court rule that is later declared unconstitutional or otherwise invalidated; and

 (2) the law enforcement officer, at the time he obtains the evidence, has satisfied applicable minimum basic training requirements established by rules adopted by the law enforcement training board under IC 5–2–1–9.

with prosecutors or deputy prosecutors when seeking a search warrant. Although this does not guarantee that every legal requirement will be met, legal review of an affidavit of probable cause by an interested prosecutor would greatly assist the officer seeking the search warrant and would dramatically improve the odds that the legal foundations for the search warrant are in place. We recognize that time is of the essence in many of these circumstances, but in this day of cellular telephones, computers, and fax machines we do not believe that such a review would hinder the efficient administration of the officers' duties.

### Conclusion

Without a connection between the drugs to be searched for and the premises described in the affidavit, probable cause to search Hensley's home could not have been established. Because the affidavit is so deficient, the search warrant could not have been relied on in good faith. As such, the trial court improperly denied Hensley's motion to suppress.

Reversed.

BAKER, J., and VAIDIK, J., concur.